**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2812-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARA WOODALL,

    Defendant-Appellant.

_____

Submitted September 24, 2025 – Decided October 23, 2025

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 08-01-0164.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the briefs).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Nicole Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dara Woodall appeals from the May 1, 2024 order denying her second petition for post-conviction relief (PCR). Because defendant's petition is untimely under Rule 3:22-12(a)(2), we affirm.

In 2009, defendant was found guilty by a jury of knowing or purposeful murder, N.J.S.A. 2C:11-3(a)(1) to (2); third-degree unlawful possession of a weapon (handgun) without having obtained a permit, N.J.S.A. 2C:58-4, 2C:39-5(b); and second-degree possession of a weapon (handgun) with an unlawful purpose, N.J.S.A. 2C:39-4(a). After merger, the court imposed a sentence of seventy years in prison with an eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a). We affirmed defendant's convictions and sentence. State v. Woodall, No. A-1479-09 (App. Div. July 1, 2011) (slip op. at 10).

We set forth the following facts in our opinion:

> [I]n the early morning hours of September 22, 2007, in Atlantic City, . . . [Woodall] and her friend, Ashley Biscardi, argued about whether Biscardi had been unfaithful to her. After Biscardi left their hotel room, [Woodall] became agitated over her absence and also left the hotel in search of her. Once outside, [Woodall] encountered a group of men, who heckled [her] about her sexual orientation and her relationship with Biscardi. [Woodall] found Biscardi and physically attacked her, pulling her hair and shoving her before Biscardi was pulled away by another friend.

A-2812-23

[Woodall] returned to and confronted the group of men, who continued to taunt [her] as onlookers laughed. Enraged, [Woodall] made a telephone call, and when a vehicle arrived, [she] retrieved a gun from one of its occupants. By that time, some members of the group that had taunted [her] had left to another area, leaving Charles Williams, Ernest Marable[,] and a few others behind. [Woodall], along with a group of males, chased Williams, Marable, and others down the street, firing a handgun in their direction. Marable was hit in the arm by a shot fired from a .45 caliber weapon but was able to run off and find refuge in a nearby apartment. Williams was not so fortunate. He was hit by multiple gunshots from a .40 caliber weapon. One shot hit the back of Williams's left leg. At least two and possibly a third gunshot went through Williams's head and upper torso. The Atlantic County Medical Examiner testified without contradiction that Williams died almost immediately from a gunshot to the head. Neither weapon fired that evening was ever recovered.

[Woodall, No. A-1479-09 (slip op. at 2-3).]

Defendant filed her first petition for PCR in 2014, alleging ineffective assistance of counsel for failure to call two alleged exculpatory witnesses. The PCR court denied the petition. We affirmed. State v. Woodall, No. A-1460-14 (App. Div. April 5, 2016) (slip op. at 4). The Supreme Court denied certification. State v. Woodall, 228 N.J. 406 (2016).

In August 2022, Woodall filed a second PCR petition. She argued, among other claims, ineffective assistance of both trial and prior PCR counsel for not

investigating two different potential alibi witnesses, Michael Jones, and his mother, Casey Wearing.

The PCR court found the petition was barred under Rule 3:22-12, stating in its written decision:

> The second [p]etition for PCR comes five . . . years after the time bar . . . . [Defendant's] first PCR petition was denied on October 16, 2014, it was then appealed . . . . The first PCR appeal was denied on April 5, 2016. The first PCR was further denied by the New Jersey Supreme Court on November 29, 2016. The second PCR should have been filed a year after the Supreme Court [d]enial. The current motion was filed on August 10, 2022, nearly five . . . years after.
>
> [Defendant] has asserted that she is "not sophisticated in the ways of the legal process." And "when [the appellate proceedings] in [her] first PCR were over, [she] properly filed this second PCR[.]" Pursuant to State v. Murray,[1] a lack of legal sophistication is not grounds for relaxing the time bar.
>
> [Defendant] has also failed to show that the delay was due to . . . [her] excusable neglect and there was a fundamental injustice . . . . [Defendant] was aware of the alleged alibi witnesses . . . . [Woodall] refers to State v. Hannah, 248 N.J. 148, 156 (2021), to justify the late submission.
>
> The current case differs from Hannah. Here, . . . [defendant] has gone through multiple rounds of post-conviction relief proceedings and has failed to make ineffective assistance of counsel claims at each step.

---

1 State v. Murray, 162 N.J. 240, 246 (2000).

4

The Court in Hannah reversed the [twenty-eight]-year-old conviction on new grounds of ineffective assistance of counsel based on newly discovered evidence. Here, the alleged alibi witness evidence presented by . . . [defendant] is not newly discovered. The information was not withheld from . . . [defendant] by any means. The facts in Hannah and the facts in this case differ fundamentally.

In conclusion, the time bar is enforced because . . . [defendant's] five . . . year delay was not due to excusable neglect and enforcing the time bar would not result in fundamental injustice.

[(citations reformatted).]

Nevertheless, the PCR court reviewed the substantive arguments and found defendant failed to establish a prima facie case of ineffective assistance under Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering the first prong of the Strickland test, whether defendant has shown counsel's performance to be deficient, the PCR court found:

that the decision by both counselor[]s does not constitute ineffective assistance of counsel. It is likely that the counselors did not rely on the alibi witnesses because it would harm their strategy. The alibi witnesses could have been found to be contradictory, untruthful, unsubstantiated, irrelevant, or objectionable. Here, there is no physical evidence that supports . . . defendant's alleged alibi witnesses besides . . . [her] claims alone. Further, there is a mountain of contradictory evidence. It is likely that the counselors did not utilize alleged alibi [witnesses] because the case against . . . [defendant] was so strong. Five

5

eyewitnesses identified . . . defendant as the shooter. The counselors may have found the alleged alibi witnesses to simply be bad witnesses that would cause more harm to the case. Furthermore, the Appellate Division noted in their decision denying . . . defendant's previous PCR that the proffered alibi witnesses were not present at the scene and that much of their proffered testimony was inadmissible hearsay. . . . [Defendant's] claim alone without other proofs does not show that trial counsel and PCR counsel w[ere] deficient. The first prong of Strickland is not met.

[(footnote omitted).]

The PCR court also found the second prong—whether counsel's deficient performance prejudiced the defense—was not met. Strickland, 466 U.S. at 694. The court reasoned:

Here, it was . . . [defendant's] burden to provide the proof necessary to establish that her counselors were ineffective, by failing to properly investigate an alleged alibi defense at trial and during the first PCR. [Defendant] failed to provide any evidence indicating that she suffered prejudice as the result of counsel's supposed failure to call these alibi witnesses, nor any evidence that the outcome of her trial would have been different had these witnesses been called to testify. [Defendant] argues that the deprivation of the alibi defense was prejudicial given that it would have likely altered the outcome of the case but failed to provide ways that the outcome would have been altered. Indeed, an alibi testimony is a useful tool in a counsel's arsenal. In this case however, three individuals, unrelated to one another, identified . . . [defendant] and witnessed . . . defendant holding the gun and firing it from her hand into the victim's body. An additional two individuals

6

identified . . . defendant as the shooter from photos in the course of the investigation. Five individuals, some familiar with . . . defendant and some not, testified to what they witnessed from different vantage points. In light of this testimony, as well as information gleaned from maps, exhibits, ballistics evidence, phone call records, and more, the State's case was quite strong. The State's case was strong enough to find . . . [defendant] guilty during trial, affirmed by the Appellate Division and denied a Petition for Certification by the Supreme Court. When comparing evidence presented at trial and the likely effect the alibi testimony would have, the alibi testimony would have more than likely weakened . . . [defendant's] case.

Again, . . . [defendant] has not presented any physical evidence to support the alleged alibi testimony. Given [that] the evidence in the case [was] so strong, and the alleged testimony [was] so weak and unsupported, . . . defendant was not prejudiced by counselor's decision to not present it. The second [p]rong of <u>Strickland</u> has not been met.

The court denied the PCR petition.

On appeal, defendant raises the following points for our consideration:

POINT I
THIS SECOND PCR PETITION WAS NOT PROCEDURALLY BARRED BECAUSE PRIOR COUNSEL DID NOT INFORM HER OF TIME BAR; ENFORCEMENT OF THE TIME BAR WOULD BE A FUNDAMENTAL INJUSTICE BECAUSE THE ALIBI WITNESSES NOT INVESTIGATED BY TRIAL AND FIRST PCR COUNSEL HAD THE CAPACITY TO CREATE REASONABLE DOUBT IN LIGHT OF THE INCONSISTENT EYEWITNESS

7

TESTIMONY AND THE LACK OF FORENSIC EVIDENCE.

POINT II
BOTH TRIAL COUNSEL AND FIRST PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO INVESTIGATE ALIBI WITNESSES, WHO HAD THE CAPACITY TO CHANGE THE OUTCOME OF THE TRIAL IN THE CONTEXT OF THIS CASE, WHICH WAS DEPENDENT UPON THE INCONSISTENT AND RECANTING EYEWITNESS TESTIMONY, WITH NO FORENSIC EVIDENCE TYING [DEFENDANT] TO THE CRIME.

A. Both Trial Counsel and PCR Counsel Failed to Investigate Michael Jones.

B. Both Trial Counsel and First PCR Counsel Failed to Investigate Casey Wearing.

We review the legal conclusions of a PCR judge de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). Under Rule 3:22-12(a)(2)(A) to (C), a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." A subsequent PCR petition must be dismissed unless

8

it complies with Rule 3:22-12(a)(2), and pleads, on its face, one of the three criteria under Rule 3:22-12(a)(2). R. 3:22-4(b).

The time bar imposed in these court rules may not be relaxed except as provided under Rule 3:22-12(a)(2). R. 3:22-12(b); State v. Marolda, 471 N.J. Super. 49, 62 (App. Div. 2022). Rule 1:3-4(c) also specifically states that "[n]either the parties nor the court may, . . . enlarge the time specified" for the filing of PCR petitions under Rule 3:22-12.

We are satisfied that defendant's PCR petition is untimely under Rules 3:22-12(a)(2) and 3:22-4(b). The first petition for PCR was denied in October 2014. The second petition for PCR was filed on August 10, 2022, more than seven years later.

Under Rule 3:22-12(a)(2)(C), defendant's second PCR petition is time barred because it was filed after the one-year limit. Further, the petition does not meet Rule 3:22-12(a)(2)(A) or (B) because it does not rely on a newly recognized constitutional right, or a factual predicate that could not have been discovered earlier through reasonable diligence.

The witnesses presented by defendant were listed in pre-trial discovery. Moreover, defendant contends Jones was with her at the time of the shooting. Defendant was aware of the witnesses at the time of trial and when she filed her

first PCR petition. The petition does not satisfy any of the requisite predicates. Therefore, the PCR court properly barred defendant's second PCR petition as untimely.

We are also satisfied defendant did not present a prima facie case of ineffective assistance of counsel under Strickland. The argument regarding alleged alibi witnesses was considered and rejected by this court in our prior opinion affirming the denial of defendant's first PCR petition. Woodall, No. A-1460-14 (slip op. at 2-4). Defendant has not shown counsel was deficient or that any deficiency would have affected the outcome of the trial.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division